Manzanet-Daniels, J.,
concurs in a separate memorandum as follows: The motion court’s assessment that defendant was not prejudiced by counsel’s Strickland violation was eminently sound and amply supported by the record evidence, which showed defendant to be utterly disingenuous and dishonest when discussing both this case and his prior convictions.
The defense’s assertion that there were “clear gaps in [defendant’s] understanding” of the charges against him is refuted by the record before us. Defendant admitted that he understood the accusation against him was that he had tried to rape his *451 sister-in-law, yet nonetheless claims that when he pleaded guilty he was operating under the erroneous belief that merely grabbing the victim and pushing her out of the door constituted “sexual contact.”
Defendant’s claim that he did not understand the meaning of sexual contact, and that he was under a misapprehension that “sexual contact” encompassed any contact with a woman, defies common sense and the record evidence. The motion court astutely observed that defendant’s definition of sexual contact was “positively Clintonesque” in the “redefining for self-interest of commonly understood human and sexual and legal principles.” At the time of the assault, defendant had lived in the United States for 16 years. His claim that “just touching a woman” amounted to sexual conduct punishable by a five-year sentence is palpably ridiculous. If this were the case, just shaking a woman’s hand, without her consent, would consign the offender to a state prison sentence.*
The dissent points to defendant’s testimony that he was motivated by anger, not sexual desire. However, one motivated solely by anger generally does not “grab[ ] [someone] between her pants and her blouse” in order to eject her from the premises.
Defendant was not prejudiced for the further reason that he had been adjudicated a violent predicate felon for a second-degree assault conviction in connection with an attack upon his brother-in-law, as a result of which he was eligible for deportation regardless of the disposition of the instant case. During the course of the prior assault, he pushed his brother-in-law into a stove, punched him in the face, choked him and smashed his head into the wall. He claimed that he “had” to plead guilty in the prior case, despite the fact that he was purportedly defending himself and had a defense to the crime with which he had been charged. I would accordingly affirm the order appealed from.

 The term “sexual abuse” would have been translated in Spanish by the official court interpreter as “abuso sexual,” so no plausible argument can be made that defendant was under a misapprehension as to the meaning of the terms or its connotations.